UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>VARIOUS GOLD, SILVER AND COINS, et al., in rem,<br><br>      Defendants,<br><br>and<br><br>JAMES G. COLE, INC., JAMES G. COLE, AND SONIC LIFE.COM, LLC,<br><br>      Claimants.<br><br>UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ONE 2009 TOYOTA TACOMA, et al., in rem,<br><br>      Defendants,<br><br>and<br><br>JAMES G. COLE, INC.,<br><br>      Claimant. | Case No. 3:11-cv-01179-SI and<br>Case No. 3:11-cv-01424-SI<br><br>OPINION AND ORDER |

**SIMON, District Judge.**

Before the court is the Government's Motion for Stay of Proceedings (Doc. 37 in Case No. 3:11-cv-01179-SI and Doc. 18 in Case No. 3:11-cv- 01424-SI) in these two related civil forfeiture actions. The United States filed the first civil forfeiture action on September 28, 2011, against gold, silver and coins seized by the Internal Revenue Service on April 7, 2011, and against additional precious metals and funds located in several bank accounts. On November 11, 2011, the United States filed the related civil forfeiture action against one 2009 Toyota Tacoma and real property located in Lakeport, California. These civil forfeiture proceedings relate to an ongoing investigation of Claimants by the Food and Drug Administration and the Internal Revenue Service. The actions were brought pursuant to 18 U.S.C. §§ 981 and 984, based on the allegation that the Defendants, *in rem*, constitute or derive from proceeds traceable to mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343). None of the Claimants has been indicted, although the Government presented Claimant James G. Cole with the evidentiary basis for potential charges last January.

For the reasons set forth below, the Government's motion for a stay is granted. Both cases are stayed for six months from the date of this Order, and the Government is ordered to submit two *ex parte* status reports, the first ninety days from the date of this Order and the second two weeks before the expiration of the stay. Any motion to extend the stay must be made not later than the time that the second status report is submitted to the court.

## DISCUSSION

Pursuant to 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the

OPINION AND ORDER, Page 2

prosecution of a related criminal case." The statute is phrased in mandatory terms: this court must issue a stay if it finds that continued civil discovery will harm a related criminal investigation or case. *See, e.g.*, *United States v. Real Property & Improvements Located at 10 Table Bluff Road, Loleta*, No. C 06-5256 SI, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007).

A "related criminal case" and a "related criminal investigation" "mean an actual prosecution or investigation in progress at the time at which the request for the stay … is made." *Id.* § 981(g)(4). "In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." *Id.* Courts have applied this statute broadly to encompass, for example, related state criminal proceedings, *see United States v. Approximately $144,001 in United States Currency*, No. C 09-04182 JSW, 2010 WL 1838660 (N.D. Cal. May 3, 2010), and criminal proceedings in which there is not complete identity in respect to the parties involved, *United States v. Approximately $69,577 in U.S. Currency*, No. C 09-0674 PJH, 2009 WL 1404690, at *3 (May 19, 2009).

The court has reviewed the *ex parte* declaration of Assistant U.S. Attorney Allan M. Garten in support of the Government's motion for a stay and has determined that continued civil discovery in these forfeiture proceedings will adversely affect a related criminal investigation. The court must therefore grant the Government's motion for a stay.

Claimants argue that the advanced stage of discovery in these civil forfeiture proceedings make a stay less appropriate. In one case Claimants cite, however, the court had previously granted the Government a three-month stay; following the expiration of that stay, it expressed

concern that the case had lain dormant for many months, with no additional indictments forthcoming. *See United States vs. $463,497.72 in U.S. Currency*, 779 F. Supp. 2d 696, 703 (E.D. Mich. 2011). It therefore declined to issue an *additional* stay. *Id.* at 714. At least at this stage, this court accepts the Government's showing that it is actively pursuing both its civil and criminal cases and that it has made good faith efforts to allow civil discovery to continue to the greatest extent possible despite ongoing criminal investigation. The court also determines, based on its review of the Government's *ex parte* submissions, that the other case cited by Claimants, *United States v. Contents of Accounts*, No. 3:10-CV-228-H, 2010 WL 2682397 (W.D. Ky. Nov. 30, 2011), is factually distinguishable. The fact that documents have been produced and that some depositions have been taken in these civil forfeiture proceedings does not alter the requirement that this court grant at least a temporary stay under 18 U.S.C. § 981(g)(1).

In order to avoid a stay, Claimants offer to forego any additional discovery and progress directly to trial. As the Government has pointed out, however, a stay is still appropriate if the Government would need to conduct additional discovery or otherwise disclose information to the Claimants in order to protect its own interests in the civil forfeiture proceedings. *See United States v. 2009 Dodge Challenger*, 3:11-cv-00328-MA, 2011 WL 6000790 (D. Or. Nov. 30, 2011) (stay required where Government's opposition to claimants' motions for summary judgment would require Government to compile and reveal information related to its criminal investigation); *United States v. $247,052.54*, No. C-05-4798 SC, 2007 WL 2009799 (N.D. Cal. July 6, 2007) (refusing to lift a stay where only the Government and not the claimant sought additional discovery). The court determines that requiring the Government to prove its civil case

at trial would force the Government to disclose information and trial strategies that could jeopardize its criminal investigation.

Finally, Claimants urge that a protective order could adequately protect the Government's interests. Section 981(g) provides that "the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." 9 U.S.C. § 981(g)(3). After reviewing the Government's *ex parte* submissions, the court concludes that a protective order would not adequately protect the Government's interest in avoiding harm to an ongoing criminal investigation. The court also notes that the parties have effectively employed a *de facto* protective order in continuing civil discovery up to this point, agreeing to limit, for example, the scope of questioning during depositions. The court therefore credits the Government's position that limiting the scope or conduct of civil discovery is no longer adequate to protect the Government's interests.

The court takes seriously Claimants' due process concerns if their property is held for a prolonged period of time without an opportunity to contest that seizure in a court of law. While the conduct of these forfeiture proceedings up to this point has not violated Claimants' rights, an extended abatement of proceedings might raise due process concerns. The court will therefore grant a stay of only limited duration and will require the Government to submit *ex parte* status reports apprising the court of its progress in related criminal proceddings. *Cf. Approximately $69,577*, 2009 WL 1404690, at *1 (ordering the Government "to file status reports every 90 days detailing the continued need for a stay"); *Real Property & Improvements*, 2007 WL 911849, at

OPINION AND ORDER, Page 5

*1 (requiring the Government "to file status reports every 60 days detailing the continued need for a stay").

## CONCLUSION

For the foregoing reasons, the court GRANTS the Government's Motion for Stay of Proceedings (Doc. 37 in Case No. 3:11-cv-01179-SI and Doc. 18 in Case No. 3:11-cv- 01424- SI). These cases are stayed for six months from the date of this Order. The Government shall file two status reports, the first 90 days from the date of this Order and the second two weeks before the stay expires. These status reports may be submitted *ex parte* but with notice to Claimants that they have been filed. Any motion to extend the stay must be submitted on the public record not later than the time that the second status report is submitted to the court.

Dated this 26th day of July, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge