UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br> v. <br> **VARIOUS GOLD, SILVER AND COINS, et al.,** *in rem*, <br> Defendants, <br> and <br> **JAMES G. COLE, INC., JAMES G. COLE, AND SONIC LIFE.COM, LLC,** <br> Claimants. | Case No. 3:**11-cv-01179-SI** <br><br> **OPINION AND ORDER** |

**SIMON, District Judge.**

In this stayed civil forfeiture action, Claimants have moved for the return of seized property or, in the alternative, an evidentiary hearing on the merits of the Government's pending civil forfeiture case against Defendants *in rem* (Doc. No. 51).

The United States brought this civil forfeiture action on September 28, 2011, against gold, silver and coins seized by the Internal Revenue Service on April 7, 2011, and against additional funds in bank accounts seized after the filing of the complaint. These civil forfeiture proceedings relate to an ongoing investigation of Claimants by the Food and Drug

Administration and the Internal Revenue Service. The Government alleges that the Defendants, *in rem*, constitute or derive from proceeds traceable to mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 984. On the Government's motion, this Court stayed this forfeiture action until January 26, 2013, on the grounds that continued civil discovery in this case would adversely affect a related criminal investigation. *See* Opinion & Order dated July 27, 2012 (Doc. No. 48) at 3. Pursuant to the Court's Order, the Government filed an *ex parte* status report on October 24, 2012 (Doc. No. 50) to apprise the Court of the progress of the related criminal proceedings.

In the interim, Claimants seek the return of $30,000 a month to cover business expenses. The forfeiture statute provides for the immediate release of seized property under certain conditions and pursuant to specific procedures. *See* 18 U.S.C. § 983(f). Claimants do not seek relief under that statutory provision. Instead they argue that their right to due process can override any statutory limitations. The Court does not need to decide that question because Claimants have not yet availed themselves of the process that Congress has explicitly provided. To the extent Claimants argue that their due process rights have been violated by the length of time since the funds were seized, the Court took those arguments into consideration when it granted the Government a limited stay. Claimants have not provided additional information that would alter the Court's prior assessment.

Claimants' motion for the return of seized property (Doc. No. 51) is DENIED with leave to file a petition for the release of seized property pursuant to 18 U.S.C. § 983(f)(3).

Dated this 12th day of December, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge